USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 2 5 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Mr. Waterheater Enterprises, Inc., *et al.*,

                        Plaintiffs,

          -v-

1-800-Hot Water Heater, LLC, *et al.*,

                        Defendants.
------------------------------------------------------------------X

11 Civ. 07694 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

This action for civil contempt was initiated against Defendants for allegedly violating the terms of a February 11, 2010 settlement agreement in a trademark infringement case. Throughout the course of these proceedings, Defendants have repeatedly failed to appear for scheduled conferences with the Court or to abide by any of the orders issued by Judge Pauley prior to the transfer of this case to the undersigned Judge. However, because there is presently insufficient evidence before the Court connecting Defendants to the continued trademark infringement alleged by Plaintiffs, the Court declines to levy any additional sanctions or penalties against Defendants at this time.

    I.     **BACKGROUND**

In 2008, Plaintiffs, two plumbing and hot water companies, brought an action against two competitors in the plumbing business alleging that the defendants were improperly using trademarks that had belonged to Plaintiffs for thirty years. (08-CV-10959). On February 11, 2010, the parties entered into a settlement agreement by which Defendants promised to destroy all stationary, brochures, and anything else with offending marks within 18 months and to repaint over all trucks with offending marks. (*Id.* Docket # 54). Judge Pauley retained jurisdiction to

enforce the settlement. (*Id.*).

After eighteen months elapsed and trucks bearing prohibited marks were still observed conducting business in New Jersey, Plaintiffs brought the present action for civil contempt alleging that Defendants failed to honor their commitment to remove or destroy all of the offending marks. (Docket #1). Plaintiffs presented to the Court photographs of trucks continuing to bear Plaintiffs' trademarks, all of which were to be painted over by the present date pursuant to the February 11, 2010 settlement agreement. (*See* Docket # 40 Ex. B). After Defendants failed to appear at an initial hearing, on November 10, 2011, Judge Pauley ordered Defendants to destroy all infringing marks within three weeks, produce accounting records, and show cause why attorney's fees should not be awarded. (Docket # 13).

Judge Pauley held a hearing on January 27, 2012, at which Mr. William Sherman, appearing *pro se* for Defendants, stated to Judge Pauley that "there's no such company as those names [listed as Defendants to the Complaint]," and Plaintiffs' counsel later stated that the companies may have been dissolved. (1/27 Tr. at 2, 4). Mr. Sherman stated that he could not afford to hire an attorney. (*Id.* at 9). Judge Pauley allowed the parties one month to discuss Plaintiffs' demand for contempt, damages, and attorney's fees, urging them to come to a negotiated solution. (*Id.* at 5, 9).

Also at the January 27, 2012 conference, Plaintiffs' counsel addressed the relationship between the alleged infringing activity and the Defendant entities, stating that "it poses a bit of a mystery to us . . . If it's going to take some jumping through hoops to figure out which companies, because I know Mr. Sherman owns several, that are actually running the operation, the plaintiffs will make the appropriate application to the Court." (*Id.*). Judge Pauley responded,

2

"That's not an if, that's a requirement in any lawsuit. If these are defunct entities, how can I enter an order against some other entity?" Plaintiffs' counsel stated, "Your Honor, we brought this action against the same defendants in the original lawsuit." Judge Pauley responded, "I understand that. But if they're dissolved, what authority? Go take a deposition of Mr. Sherman and find out who owns these trucks currently, okay." (*Id.*). Another conference was scheduled for March 2, 2012, and the case was thereafter reassigned to the undersigned Judge.

Defendants failed to appear at the March 2, 2012 conference before this Court. Four days later on March 6, 2012, the Court issued an Order requiring Defendants to show cause as to why (1) accounting records should not be seized, (2) tens of thousands of dollars in attorneys fees should not be awarded, (3) internet domain name owners should not be contacted and instructed to remove advertisements bearing the prohibited marks, and (4) an Order should not be issued demanding that Defendants prove that they have disposed of all offending marks. (Docket # 39).

The Court held a conference on April 30, 2012, and Defendants again failed to appear. At that time, this Court again raised to Plaintiffs' counsel Judge Pauley's concern that some evidence must be shown demonstrating (1) that the defendant entities exist and (2) connecting those entities to the continued infringement. (4/30/12 Tr. at 4–9). The Court instructed Plaintiffs' counsel, "I would like material submitted by the plaintiff confirming through the secretary of state or deposition testimony, license plate registration, or all of those things, that defendant entities exist, and can be tied to the evidence you're submitting of continuing infringing conduct." (*Id.* at 8).

At the end of the April 30, 2012 conference, the Court reiterated that "I'm mindful of the need to provide some finality and some relief and enforcement of court orders, and I'm also of

3

course mindful, as my questions have indicated, as to the importance of satisfying due process and notice requirements and making sure, to the extent feasible, that any judicial orders are running against entities that continued to exist, and that are the ones engaging in the infringing activity." (4/30/12 Tr. at 29). The Court granted Plaintiffs until May 11, 2012, to provide materials that satisfied its due process concerns, and Plaintiffs later requested and received a two week extension beyond that date. (*Id.* at 28; Docket #52).

## II. PLAINTIFFS' DECLARATION

On May 25, 2012, Plaintiffs submitted to the Court a declaration regarding a search it conducted that, Plaintiffs contend, "shows that Defendant, Mr. Hot Water Heater, Inc. is still in existence and under common control with other entities in which William Sherman is involved." (Docket #55). Plaintiffs attached to the declaration various records obtained from the Division of Revenue of the State of New Jersey. (*Id.*). One of these records indicates that Defendant Mr. Hot Water Heater, Inc. was a business entity created in 1986 and suspended for failure to pay taxes in 1992. (*Id.* at 4).[1] Plaintiffs also provided records relating to a company called William Sherman, Inc., which was created in 2001 and suspended for failure to file an annual report on August 16, 2006. (*Id.* at 8). Finally, Plaintiffs provided records of a company called Biluk Media Limited Liability Company, which was created in 2007 and had its license "revoked for not filing [an] annual report for 2 consecutive years" in 2010. (*Id.* at 11). Biluk Media Limited Liability Company lists William J. Sherman as its designated agent for service of process. (*Id.*).[2]

---

[1] Plaintiffs concede that they cannot find any records of the existence of Defendant 1-800 Hot Water, LLC. (5/25/12 Dec. of Gerald A. Cook ¶ 10).

[2] Plaintiffs have proffered no evidence sufficient to demonstrate that either Biluk Media Limited Liability Company or William Sherman, Inc. are formally related to or operated in tandem with

4

The problem remains that Plaintiffs have failed to provide the Court with any evidence linking any of these companies, including the named defendants in this action—Mr. Hot Water Heater, Inc. and 1-800 Hot Water, LLC—to any continued infringing activity. The Court explicitly requested that Defendant provide such evidence at the April 30, 2012 hearing. (4/30/12 Tr. at 8). As Judge Pauley noted to Plaintiffs nearly five months ago at the hearing held on January 27, 2012, this is "a requirement in any lawsuit." (1/27/12 Tr. at 4). Because there is no evidence before the Court linking the Defendants named in this action to the continued infringing activity, the Court will not impose any additional injunctive or monetary penalties on Defendants at this time.

Plaintiffs have offered photographs and other evidence indicating that its clients' trademarks are being illegally misappropriated. (*See* Docket # 40 Ex. B). But Plaintiffs must show that the continued infringement is on the part of the entities who engaged in a settlement agreement with Plaintiffs two years ago, or that the present infringers are alter egos or otherwise capable of being held legally responsible for the actions of the entities that entered into the settlement with Plaintiffs. If new and separate entities are violating Plaintiffs' trademarks, then Plaintiffs must bring new actions seeking enforcement against those entities.[3] But in the context

---

Defendant Mr. Hot Water Heater, Inc., much less that they are alter egos or otherwise capable of being held accountable for the activities of Mr. Hot Water Heater, Inc.

[3] Some of the photographs provided to the Court by Plaintiffs indicate that prohibited marks are being used on trucks owned by "William Sherman Inc." (Docket # 40 Ex. B), indicating that Mr. Sherman may be brazenly violating Plaintiffs' trademark rights. The Court does not take such misconduct lightly. However, in the context of this civil contempt action, the Court is powerless to enforce the settlement terms that Plaintiffs reached two years ago against new and separate infringing entities without more evidence connecting these new entities with the ones that entered into a binding settlement agreement with Plaintiffs in February 2010.

of this civil contempt action, the Court will not impose any additional penalties or sanctions on Defendants until some evidence has been presented indicating that they are responsible for the continued infringement.

### III.    CONCLUSION

For the foregoing reasons, the Court declines to grant Plaintiffs any relief at this time. If Plaintiffs wish to present any evidence that might satisfy the Court's due process concerns—specifically, any evidence that connects the infringing activity with the defendants in this case—it shall do so within two weeks of the date of this Order. If Plaintiffs cannot produce any new information by that date, they shall show cause in writing by that date as to why this case should not be dismissed for failure to allege that the named defendants are responsible for the continued infringing activity.

SO ORDERED.

Dated: June 25, 2012
       New York, New York

_____
ALISON J. NATHAN
United States District Judge